**Robert N. HAUCK, Plaintiff–Appellant,**

v.

**William J. HENDERSON, Postmaster General, Defendant–Appellee.**

No. 01–3679.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2003.

Before MERRITT and DAUGHTREY, Circuit Judges, and RUSSELL,* District Judge.

PER CURIAM.

The plaintiff, Robert Hauck, is a postal worker who brought this action for reverse discrimination and for violation of the Civil Service Reform Act against the United States Postmaster General, following Hauck's demotion from a supervisory position with the United States Postal Service. The demotion stemmed from Hauck's action in attempting to get the attention of an employee who was apparently sleeping on the job by "nudging" (Hauck's characterization) or "kicking" (the employee's characterization, confirmed by other employees in the vicinity) her with his foot. Hauck claimed that the demotion was racially motivated in response to angry accusations by a union representative that inappropriate conduct by Caucasian supervisors toward African-American employees was going unpunished.

An administrative law judge of the Merit System Protection Board rejected Hauck's contention that the decision was racially motivated and determined that the employment action was reasonable. Subsequently, Hauck filed this action in federal district court, alleging that the decision to demote him was racially motivated, in violation of Title VII, and that it was arbitrary and capricious, in violation of the Civil Service Reform Act. The district court granted summary judgment to the defendant, dismissing the Title VII claim and affirming the administrative law judge's decision regarding the civil service claim. The plaintiff now appeals that decision to this court.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. With regard to the Title VII claim, the plaintiff contends, citing *Weberg v. Franks*, 229 F.3d 514 (6th Cir.2000), that he has established direct evidence that his demotion was racially motivated, *i.e.*, that it was the result of attention brought to the incident by the union. However, unlike the situation in *Weberg*, there is no direct evidence in this record to support such an allegation. Hohenstatt, the official who made the decision to demote Hauck, testified that, in the end, the decision was solely his own and that he did not "feel any pressure from any one person to make a particular decision."

In the alternative, Hauck argues that he is able to establish a *prima facie* case of discrimination based on circumstantial evidence. However, there is no background evidence suggesting that the Postal Service is "that unusual employer who discriminates against the majority." *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 67 (6th Cir.1985). Nor is Hauck able to show that the employer treated similarly situated individuals who are not members of the protected group in a different manner. The only evidence offered by Hauck to satisfy this prong of the analysis under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817,

* The Hon. Thomas B Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

36 L.Ed.2d 668 (1973), is that other people whose actions did not draw the attention of the union were treated differently. However, these individuals were Caucasian like the plaintiff. Furthermore, it is unclear how similar the incidents were to Hauck's contact with the employee in question. Accordingly, it cannot be said that the Postal Service treated differently individuals who are not members of the protected group, and the plaintiff's attempt to establish a *prima facie* case of reverse discrimination therefore fails.

 Finally, we conclude that the ALJ's decision, based as it was on credibility determinations that may not be set aside on review, was not arbitrary or capricious and did not sustain the imposition of a disciplinary action against Hauck that was "grossly disproportionate to his misconduct." It must therefore be affirmed.

Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a more fully detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court for the reasons set out above and based upon the reasoning set out by that district court in its order filed on May 30, 2001.